IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 29 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02204-OES

CHRISTOPHER LEE ORLOSKI,

    Plaintiff,

v.

NATIONAL SECURITY AGENCY,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff Christopher Lee Orloski is a resident of Denver, Colorado. Mr. Orloski initiated this action by filing a *pro se* Complaint. The Court must construe the Complaint liberally, because Mr. Orloski is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, Mr. Orloski will be ordered to file an Amended Complaint.

    The Court has reviewed the Complaint filed by Mr. Orloski and has determined that the Complaint may be dismissed, because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these

purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Orloski fails to set forth a short and plain statement of the grounds on which the Court's jurisdiction depends. Mr. Orloski must identify the statutory authority that allows this Court to consider the claims he is asserting in this action, as opposed to stating that the Court's jurisdiction is invoked because the USC governs "conduct of employees of the United States government." (Compl. at 2.) Mr. Orloski fails to set forth a short and plain statement of his claims showing that he is entitled to relief.

Although it is clear Mr. Orloski is challenging a Mr. Rick Kee's transmittal of information to Monigle Associates Inc. (MAI), Mr. Orloski's previous employer, regarding Plaintiff and as a result Plaintiff lost his job at MAI, Plaintiff provides no basis for suing the named Defendant in this Court.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Orloski should be given an opportunity to file an Amended Complaint. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Orloski file, **within thirty days from the date of this Order,** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Orloski, together with a copy of the Order, two copies of a Complaint form. It is

FURTHER ORDERED that, if Mr. Orloski fails within the time allowed to file an Amended Complaint that complies with the Order to the Court's satisfaction, the Complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that Plaintiff's Motion to Withdraw Motion to Dismiss, filed December 14, 2005, is granted and Plaintiff's Motion to Dismiss filed November 25, 2005, is disregarded. It is

FURTHER ORDERED that Plaintiff's Motion to Submit and Seal Evidence, filed December 16, 2005, is denied as premature. It is

FURTHER ORDERED that the Clerk of the Court is directed to return to Plaintiff the evidence he submitted to the Court with the Motion to Submit and Seal Evidence.

DATED at Denver, Colorado, this 29 day of December, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02204-OES

Christopher Lee Orloski
PO Box 24183
Denver, CO 80224-0183

    I hereby certify that I have mailed a copy of the **ORDER, two copies of the Complaint form, and returning the CD submitted as evidence** to the above-named individuals on 12/29/05

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk